### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION
### CASE NO. 3:09-CV-00109

**BRANDENBURG TELEPHONE COMPANY**                                            **PLAINTIFF**

**v.**

**SPRING COMMUNICATIONS CO., L.P.**                                          **DEFENDANT**


### MEMORANDUM OPINION

This matter comes before the Court on Defendant Sprint Communications Co., L.P.'s

Motion to Dismiss or Stay (Docket #9).  Plaintiff has responded (Docket #10).  Defendant has

replied (Docket #14).  Both parties have filed letters and notices with the Court (Docket #19, 20,

21, 22, 23, 24). This matter is now ripe for adjudication.  For the reasons that follow,

Defendant's Motion is DENIED in part and GRANTED in part.

### BACKGROUND

Brandenburg Telephone is an independent local telephone company that provides

switched access telephone services to long distance carrier Sprint Communications.  A long

distance carrier is obligated to pay charges to compensate a local telephone company for the use

of the necessary local facilities in delivering a call to the recipient.  Such charges are known as

"switched access charges," and are contained within state or federal access tariffs.   Calls are

charged at a federal interstate tariff rate if they start and end in different states.  If the call

originates and ends in the same state, they are subject to the local telephone company's state

intrastate rates.  In April of 2008, Sprint filed a complaint with the Public Service Commission

of Kentucky ("PSC"), alleging that Brandenburg had misapplied its tariff and wrongfully billed

certain calls at the higher intrastate rate. Brandenburg counterclaimed for payment, and the case is currently pending before the PSC.  The PSC is examining whether Brandenburg improperly billed Sprint for interstate calls at an intrastate access rate.

On February 5, 2009, Brandenburg filed a complaint in state court alleging that Sprint owed money for the provision of switched access telecommunications services. Specifically, Brandenburg alleged that there were $370,976 of undisputed charges which Sprint had not paid to Brandenburg for its services.  Sprint removed the case to this Court, and denies that the charges are "undisputed."  In a letter to the Court dated July 10, 2009, Brandenburg argued that the undisputed amount owed totaled $405,523.

A hearing before the PSC was held on August 11, 2009.  Post hearing briefs were due on September 9, 2009.  Sprint has requested that the Court dismiss or stay the proceedings in this case pending the completion of the PSC proceeding.  Sprint seeks dismissal of Brandenburg's claim under Rules 12(b)(1) and 12(b)(6).  Brandenburg argues that it would be unduly prejudiced by the delay.  At the time of the writing of this Order, the Court has no notice that the PSC has issued a final order in the matter.

## DISCUSSION

### I.  Motion to Dismiss under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Leb.*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008).  "A

2

Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig.*, 491 F.3d 320, 330 (6th Cir. 2007). Where there is a factual attack, the Court must "weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.* "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368 F.3d 569 (6th Cir. 2004).

Sprint first argues that this Court lacks subject matter jurisdiction because the PSC has exclusive jurisdiction, and no final PSC order has been issued. Kentucky has granted the PSC jurisdiction "over the regulation of rates and service of utilities" within Kentucky. KRS § 278.040. Brandenburg and Sprint are considered utilities under KRS § 278.010(3). Sprint argues that this action involves a rate dispute and that the PSC has original jurisdiction. Brandenburg disputes this assertion, and argues that it is not seeking interpretation of a rate or tariff, but rather seeking prompt payment of the amount that Sprint has wrongfully withheld for undisputed charges. Brandenburg distinguishes between rate disputes, which are properly brought before the PSC, and damages claims, over which the PSC does not have jurisdiction. *See Carr v. Cincinnati Bell, Inc.*, 651 S.W.2d 126, 128 (Ky Ct. App. 1983) ("Nowhere in Chapter 278 do we find a delegation of power to the PSC to adjudicate contract claims for

3

unliquidated damages."); *see also, e.g., Strother v. AT&T Comm. Of the South Central States, Inc.*, Order, Ky. PSC Case No. 2007-00415, 2008 Ky. PUC LEXIS 263, at *5-6 (Feb. 28, 2008) (PSC dismissed damages case for lack of jurisdiction). Brandenburg asserts that this is an action for compensatory damages, and that no interpretation of rates or services will be necessary.

Sprint also argues that this Court lacks jurisdiction because the case is not ripe. In support of its motion, Sprint cites to *Stephens v. U.S. Forest Service*, 2008 WL 4498805, at *2 (E.D. Ky. Sept. 30, 2008) ("Federal courts lack subject matter jurisdiction over claims that are not yet ripe for judicial review." (internal citation omitted)). In *Stephens*, the Court granted the defendant's motion to dismiss because the plaintiff had failed to exhaust his administrative remedies, which thereby deprived the Court of a final agency decision that would be considered ripe for judicial action. *Id.* at *3-5. Sprint asserts that Brandenburg is similarly asking the Court to enforce or set aside an agency ruling that has yet to be issued. Ripeness is meant to "avoid premature litigation and to prevent federal courts from 'entangling themselves in abstract' debates that may turn out differently in different situations." *Id.* at *4. If the Court were to get involved at this juncture, Sprint argues, it would be entangling itself in an issue that is best left to the expertise of the PSC.

Brandenburg, in contrast, argues that this action is ripe for adjudication, and a final order from the PSC is unnecessary. Brandenburg asserts that the factors the Court considers in undertaking a ripeness analysis all weigh in favor of Brandenburg's claim: (1) "the likelihood that the harm alleged will ever come to pass;" (2) the sufficiency of the factual record; and (3) "the hardship that refusing to consider plaintiff's prospective claims would impose upon the parties." *United Steelworkers of America, Local 2116 v. Cyclops Corp.*, 869 F.2d 189, 194-95

(6th Cir. 1988).  First, Brandenburg argues that it has already suffered actual injury because it has not received at least $370,976 in damages from Sprint.  Next, Brandenburg and Sprint have both noted that discovery and settlement discussions occurred as part of the PSC action. Therefore, the factual record is sufficient.  Finally, Brandenburg argues that every moment of delay in this action creates a greater hardship because Brandenburg is not receiving payment from Sprint.  Brandenburg cites the current economic crisis and Sprint's financial difficulties as further proof that hardship would continue if the action is dismissed.  Sprint counters that the company's financial difficulties are not as dire as Brandenburg makes them out to be, and the hardship is therefore too remote.  Further, Sprint argues that if the action proceeds while the PSC action is still pending, there will be increased hardship to both parties due to litigation costs and the possibility of inconsistent results.

The Court has weighed the evidence and concludes that subject matter jurisdiction exists. The current action is not one within the exclusive jurisdiction of the PSC, and the case is ripe for adjudication.  The present case involves a claim for damages, and the PSC itself has acknowledged that it does not have jurisdiction to grant damages.  *See, e.g.*, *Strother*, 2008 Ky. PUC LEXIS 263, at *5-6.  Therefore, a final agency decision is not mandated as was required in *Stephens*. 2008 WL 4498805, at *4-5.  In addition, this matter has created significant hardship on Brandenburg, to the effect that Brandenburg is essentially providing services for free.  It appears to the Court that the factual record has been sufficiently developed, and both parties are ready to proceed to litigation.  Moreover, since Sprint allegedly continues to withhold all payment, Brandenburg's current injuries will only increase as time passes.  For the foregoing reasons, the Court finds that Plaintiff Brandenburg has met its burden of proving that jurisdiction exists with

this Court, and the motion to dismiss for lack of subject matter jurisdiction is DENIED.

## II.      Motion to Dismiss under Rule 12(b)(6)

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

Sprint asserts that this action must be dismissed because Brandenburg has not exhausted its administrative remedies, an issue which is properly addressed under Rule 12(b)(6). *Stephens*, 2008 WL 4498805, at *2. According to the Kentucky Supreme Court, exhaustion of

administrative remedies is a well-settled rule, and "proper judicial administration mandates judicial deference until after exhaustion of all viable remedies before the agency vested with primary jurisdiction over the matter." *Kentucky Retirement Sys. v. Lewis*, 163 S.W.3d 1, at 3 (Ky. 2005) (citing *Board of Regents of Murray State University v. Curris*, 620 S.W.2d 322, 323 (Ky. App. 1981)). There are two exceptions to this rule: (1) if the statute is alleged to be void on its face, and (2) if exhaustion of remedies through the administrative process would be futile. *Id.* Sprint argues that Brandenburg's claim does not meet either of the two exceptions. Sprint emphasizes that proceeding before the PSC will not be futile, as the PSC will be able to resolve and simplify the issues. Sprint further argues that a collection action would be premature until the PSC has decided the amount to be collected, and that dismissal would not prevent Brandenburg from bringing a collection action at a later time.

Brandenburg asserts that it has not failed to exhaust its administrative remedies because the PSC could not grant the form of relief being sought. Brandenburg cites *Reiter v. Cooper*, 507 U.S. 258 (1993), in support of its position. *Reiter* held that the exhaustion doctrine did not apply because the Interstate Commerce Commission ("ICC") did not have jurisdiction to hear the petitioners' reparations claims. *Id.* at 269 ("[T]he ICC has long interpreted its statute as giving it no power to decree reparations relief."). Brandenburg likens the current case to *Reiter*, in that the PSC does not have jurisdiction to award damages. Brandenburg goes on to assert that Sprint admits to there being undisputed amounts that are not being paid, and collection is therefore possible without completion of the administrative process.

The Court has already acknowledged that the PSC does not have jurisdiction over damages actions. Therefore, the Court agrees that the PSC cannot offer the relief sought by

Brandenburg in this Court, and the exhaustion doctrine does not apply in this case.  Defendant's motion to dismiss pursuant to Rule 12(b)(6) is therefore DENIED.

### III.     Motion to Stay the Proceedings

In the alternative, Sprint seeks a stay of the proceedings until a decision has been made by the PSC.  Inherent in every court is the power to manage its docket and stay proceedings. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936).  Sprint argues that the doctrine of primary jurisdiction necessitates a stay of these proceedings.  Primary jurisdiction may apply "when a claim is properly cognizable in court but contains some issue within the special competence of an administrative agency." *U.S. v. Any and All Radio Station Transmission Equip.*, 204 F.3d 658 (6th Cir. 2000) (quoting *United States v. Haun*, 124 F.3d 745, 749 (6th Cir. 1997)); *see also Reiter*, 507 U.S. at 268.  The reasoning behind the primary jurisdiction doctrine is that agencies often have an advantage in deciding issues of regulated commerce in light of their experience, expertise, and flexibility.  *Far East Conference v. United States*, 342 U.S. 570, 574-75 (1952).

Sprint argues that in order to defend the present action, it would have to assert that the tariffs at issue do not require it to pay the current rates and that there are no truly "undisputed" amounts. This would result in contemplation by the Court of the issue currently pending before the PSC.  Further, if there was a payment of the "undisputed" amount to Brandenburg, it would be considered an accord and satisfaction on Sprint's part and would not be accepted by Brandenburg.  Thus, Sprint argues, a final determination from the PSC would simplify the issues in order for the Court to determine what amount may be collected.

Brandenburg argues, in contrast, that a stay is inappropriate because the amounts to be

collected are undisputed and no interpretation of the tariff rates is required.  Brandenburg asserts that the matters at issue in the present case are within the conventional experience of judges, and the Court need not look to the PSC for guidance.  Brandenburg submits deposition testimony from the PSC action to demonstrate that there are undisputed amounts which have not been paid to Brandenburg.  In that testimony, Ms. Julie A. Walker, an Access Verification Analyst II for Sprint Nextel, states "Each month there's just an amount of the monthly billing that's disputed, not of the entirety."  She also testifies that some wireless originated calls would not be disputed, and that no money is currently going back and forth between Sprint and Brandenburg. Brandenburg argues that these statements support the idea that Sprint is withholding undisputed amounts, and a collection action is appropriate without the need to interpret tariff rates.

Sprint counters that there is no undisputed amount because the entire bill is in dispute. Sprint's Response (Docket #23) explains "if Brandenburg bills Sprint $30,000 for 500,000 minutes, and Sprint calculates that the bill should have been $20,000 for 500,000 minutes, Sprint files a dispute on the bill . . . .  There is no undisputed amount to remit to Brandenburg because the bill is in dispute, and Brandenburg would not accept $20,000 in satisfaction of the bill." Sprint asserts that calls are not billed on a call-by-call basis, so the entire bill is in dispute, and therefore interpretation of the tariff rates will be required to make a proper accounting.

The Court finds that a stay is appropriate in this case.  Although the PSC does not have jurisdiction over a damages claim, a resolution of the issues currently pending before the PSC will both simplify the proceedings, as well as aid the Court in its final determination.  The PSC has "special competence" in regards to this issue.  Moreover, since the PSC hearing has already been held and the only remaining action is the issuance of a final order, the harm to Brandenburg

in staying this action is unlikely to be great in comparison to the harm that has already occurred. For the above reasons, the Defendant's motion to stay is hereby GRANTED, and the case is stayed until the PSC's final order is issued.

**IV.     Motion to Dismiss Count II of Complaint**

Sprint argues that if this matter is not dismissed or stayed, then Count II of the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Count II of the Complaint is a claim for unjust enrichment.  Sprint argues that Count II is barred by the filed rate doctrine.  *See, e.g., American Tel. & Tel. Co. v. Central Office Telephone, Inc.*, 524 U.S. 214 (1998).  Because the Court has granted a stay in this action, the Court declines to address the issue at this time.

**CONCLUSION**

For the above reasons, Defendant Spring Communications Co., L.P.'s Motion to Dismiss or Stay is DENIED in part and GRANTED in part.  This case shall be stayed until the Kentucky Public Service Commission has issued a final decision in Case No. 2008-00135.

An appropriate order shall issue.

10