# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:09-CV-00109

**BRANDENBURG TELEPHONE COMPANY**                                    **PLAINTIFF**

v.

**SPRINT COMMUNICATIONS CO., L.P.**                                  **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion to Dismiss or Stay (Docket #9) and Plaintiff's Motion for Summary Judgment (Docket #17). Defendant has responded and replied (Docket #14, 38). Plaintiff has responded and replied (Docket #10, 45). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is GRANTED, and Plaintiff's Motion is DENIED.

## BACKGROUND

Brandenburg Telephone is an independent local telephone company that provides switched access telephone services to long distance carrier Sprint Communications. A long distance carrier is obligated to pay charges to compensate a local telephone company for the use of the necessary local facilities in delivering a call to the recipient. Such charges are known as "switched access charges," and are contained within state or federal access tariffs. Calls are charged at a federal interstate tariff rate if they start and end in different states. If the call originates and ends in the same state, it is subject to the local telephone company's state intrastate rates. In April of 2008, Sprint filed a complaint with the Public Service Commission of Kentucky ("PSC"), alleging that Brandenburg had misapplied its tariff and wrongfully billed certain calls at the higher intrastate rate. Brandenburg counterclaimed for payment. The PSC

examined whether Brandenburg improperly billed Sprint for interstate calls at an intrastate access rate.

On February 5, 2009, Brandenburg filed a complaint in state court alleging that Sprint owed money for the provision of switched access telecommunications services. Specifically, Brandenburg alleged that Sprint had failed to pay $370,976 of undisputed charges to Brandenburg for its services. Sprint removed the case to this Court, and denies that the charges are "undisputed." In a letter to the Court dated July 10, 2009, Brandenburg argued that the undisputed amount had increased to $405,523. Sprint moved to dismiss or stay the proceedings on March 4, 2009. Brandenburg then moved for summary judgment on April 15, 2009.

A hearing before the PSC was held on August 11, 2009. On September 29, 2009, this Court issued an Order which denied dismissal of the action on the bases of subject matter jurisdiction and failure to exhaust administrative remedies. The Court declined to consider Sprint's motion to dismiss Count II of the Complaint at that time, and instead granted a stay until the PSC had issued a final order. The PSC issued a final order on November 6, 2009, finding in favor of Sprint. Sprint filed a counterclaim in this Court on December 16, 2009. Brandenburg is appealing the PSC's decision, and has moved to dismiss or stay Sprint's Counterclaim. Sprint's motion to dismiss Count II of the Complaint and Brandenburg's motion for summary judgment are now ripe for adjudication.

## DISCUSSION

**I.     Motion to Dismiss**

Sprint asks the Court to dismiss Count II of Brandenburg's Complaint. Count II is a claim of unjust enrichment. Brandenburg alleges that Sprint has been unjustly enriched at the

2

expense of Brandenburg by withholding payment for services rendered.  Sprint argues that this claim is barred by the filed rate doctrine.  Brandenburg has not responded to this argument.

"For a party to prevail under the theory of unjust enrichment, they must prove three elements: (1) benefit conferred at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value." *Jones v. Sparks*, 297 S.W. 3d 73, 78 (Ky. Ct. App. 2009) (citing *Guarantee Electric Co. v. Big Rivers Electric Corp.*, 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987)).  Brandenburg's complaint contains sufficient allegations to survive a motion to dismiss for failure to state a claim.  Sprint alleges, however, that the filed rate doctrine bars any possible recovery for a claim of unjust enrichment.

The filed rate doctrine is codified at Kentucky Revised Statutes § 278.160(2):

No utility shall charge, demand, collect, or receive from any person a greater or less compensation for any service rendered or to be rendered than that prescribed in its filed schedules, and no person shall receive any service from any utility for a compensation greater or less than that prescribed in such schedules.

Ky. Rev. Stat. Ann. § 278.160(2).  "The filed rate doctrine requires that common carriers and their customers adhere to tariffs filed and approved by the appropriate regulatory agencies." *MCI Telecommunications Corp. v. Ohio Bell Telephone Co.*, 376 F.3d 539, 547 (6th Cir. 2004).  It is intended to prevent discrimination among ratepayers and preserve the role of agencies in the rate-making process.  *Id.* at 547-48 (citing *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 489 (2d Cir. 1998)).

Under § 278.160(2), Brandenburg may not charge or collect a greater or lesser amount than dictated by the filed rate.  Ky. Rev. Stat. Ann. § 278.160(2).  Further, the Court may not grant relief that would change the applicable rate.  *See, e.g.*, *Dreamscape Design, Inc. v. Affinity*

*Network, Inc.*, 414 F.3d 665, 669 (7th Cir. 2005) ("Under the filed tariff doctrine, courts may not award relief (whether in the form of damages or restitution) that would have the effect of imposing any rate other than that reflected in the filed tariff."); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 852-53 (9th Cir. 2004); *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1316-17 (11th Cir. 2004). In order to determine damages for a claim of unjust enrichment, the Court would have to determine the value of the benefit received by Sprint. This could result in relief that differs from the filed tariffs. Other district courts have reached similar conclusions in barring unjust enrichment or quantum meruit claims because of the filed rate doctrine. *See, e.g.*, *Splitrock Properties, Inc. v. Qwest Comm. Corp.*, 2009 WL 2827901 (D.S.D. Aug. 28, 2009); *Central Iowa Power Coop. v. Midwest Indep. Sys. Op.*, 2007 WL 2752075 (N.D. Iowa Sept. 18, 2007); *Advamtel, LLC v. AT&T Corp.*, 118 F. Supp. 2d 680, 688 (E.D. Va. 2000). Brandenburg may only recover under the filed rate, and thus, Brandenburg's claim for unjust enrichment is dismissed.

## II.   Motion for Summary Judgment

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether

the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

Brandenburg's lawsuit rests on a breach of contract claim against Sprint. Specifically, Brandenburg contends that Sprint is bound by contract and the filed tariff to pay for services rendered, and that payment for undisputed charges is being improperly withheld. Sprint argues that because Brandenburg has overbilled Sprint, Sprint has been disputing bills, withholding payments, and applying its own calculation to the amounts due in order to reduce the amount of Brandenburg's refund to Sprint. Moreover, Sprint asserts that Brandenburg's claims are based on an improper calculation method, which prevents Brandenburg from recovering because of the filed rate doctrine.

As discussed above, the filed rate doctrine requires both parties to comply with the filed tariffs. *MCI Telecommunications Corp.*, 376 F.3d at 547. This Court may not award damages beyond the amount allowed by the applicable rate. *See, e.g.*, *Dreamscape Design, Inc. v. Affinity Network, Inc.*, 414 F.3d at 669; *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d at 852-53; *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d at 1316-17. In order for Brandenburg to recover, its claim for breach of contract must comply with the filed rate doctrine.

The PSC Order determined that "Brandenburg's usage of the CPN directly conflicts with the provision of its tariff . . . ." PSC Order, Case No. 2008-00135, at 10. Therefore, Brandenburg may not recover for those charges which conflicted with the filed tariff (i.e., charges for calls made from a Kentucky phone number by an out-of-state caller to a Kentucky recipient). Brandenburg may be entitled to payment, however, for those calls which were properly billed under the applicable tariffs. These would include calls made from wireless callers with Kentucky phone numbers in which both the caller and recipient were in Kentucky at the time of the call. It would also include wireless calls made from an out-of-state phone number in which the caller is out-of-state and the recipient is in Kentucky at the time of the call.

Although Brandenburg may be entitled to these amounts, Brandenburg has not met its burden for summary judgment. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Kentucky law, a cause of action for breach of contract must state "the contract, the breach and the facts which show the loss or damage by reasons of the breach." *Fannin v. Commercial Credit Corp.*, 249 S.W.2d 826, 827 (Ky.1952). Through Sprint's own admissions, Brandenburg has adequately established that a contract existed

between Brandenburg and Sprint, and that Sprint breached this contract by refusing to pay for any services since partial payment of a bill issued on February 16, 2008.

Brandenburg has not presented enough evidence, however, to demonstrate that there is no genuine issue of material fact as to the damage caused by the breach. There is nothing before the Court demonstrating damages beyond an affidavit by the Assistant General Manager of Brandenburg stating: "Not including the most recent bill from Brandenburg Telephone, Sprint owes $696,910 in undisputed access charges." The Court is unclear as to what this figure represents. Sprint has also stated that it "does not understand how the amount was calculated." The Court has no copies of bills or even the applicable tariff rates by which to verify Brandenburg's claims. Only those charges which comply with the filed tariff may be recovered, and the evidence does not provide the Court with enough information to discern if Brandenburg's calculation goes beyond this limitation. Because Brandenburg has failed to provide sufficient evidence to demonstrate that there is no genuine issue of material fact as to damages and the proper calculation of undisputed charges, summary judgment must be denied. A revised motion for summary judgment with proper affidavits or testimony explaining the charges, and that those charges comply with the proper tariff, would give the Court a basis to more fully consider this issue. Likewise, it would put the burden on Sprint to show any issue of fact.

## CONCLUSION

For the foregoing reasons, Sprint's Motion to Dismiss is GRANTED, and Brandenburg's Motion for Summary Judgment is DENIED.

An appropriate order shall issue.