# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CASE NO. 3:09-CV-00109

BRANDENBURG TELEPHONE COMPANY                                   PLAINTIFF

v.

SPRINT COMMUNICATIONS CO., L.P.                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Dismiss or, in the Alternative, to Stay Defendant/Counter-Plaintiff Sprint's Counterclaim (Docket #34). Defendant has responded (Docket #39). Plaintiff has replied (Docket #44). Pursuant to Court Order, Defendant filed a sur-reply (Docket #52). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion is DENIED IN PART and GRANTED IN PART.

## BACKGROUND

Brandenburg Telephone Company ("Brandenburg") is an independent local telephone company that provides switched access telephone services to long distance carrier Sprint Communications Co., L.P. ("Sprint"). A long distance carrier is obligated to pay charges to compensate a local telephone company for the use of the necessary local facilities in delivering a call to the recipient. Such charges are known as "switched access charges," and are contained within state or federal access tariffs. Calls are charged at a federal interstate tariff rate if they start and end in different states. If the call originates and ends in the same state, they are subject to the local telephone company's state intrastate rates. In April of 2008, Sprint filed a complaint with the Public Service Commission of Kentucky ("PSC"), alleging that Brandenburg had misapplied its tariff and wrongfully billed certain calls at the higher intrastate rate. Brandenburg

counterclaimed for payment. The PSC examined whether Brandenburg improperly billed Sprint for interstate calls at an intrastate access rate.

On February 5, 2009, Brandenburg filed a complaint in state court alleging that Sprint owed money for the provision of switched access telecommunications services. Specifically, Brandenburg alleged that there were $370,976 of undisputed charges which Sprint had not paid to Brandenburg for its services. Sprint removed the case to this Court, and denies that the charges are "undisputed." In a letter to the Court dated July 10, 2009, Brandenburg argued that the undisputed amount owed totaled $405,523.

A hearing before the PSC was held on August 11, 2009. On September 29, 2009, this Court issued a stay of this matter until the PSC had issued a final order. The PSC issued a final order on November 6, 2009, finding in favor of Sprint. Sprint filed its Counterclaim in this Court on December 16, 2009. Sprint seeks enforcement of the PSC's Order, enforcement of the refund provision of the duo tariff, and a refund pursuant to the filed rate doctrine. Brandenburg has appealed the PSC's decision in state court, and now asks this Court to dismiss or stay Sprint's Counterclaim.

**STANDARD**

Brandenburg argues that Sprint's Counterclaim should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Under Federal Rule of Civil Procedure 12(b)(1), a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Leb.*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Schultz v. Gen. R.V. Ctr.*,

512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig.*, 491 F.3d 320, 330 (6th Cir. 2007). Where there is a factual attack, the Court must "weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.* "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368 F.3d 569 (6th Cir. 2004).

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

**DISCUSSION**

Brandenburg's motion argues that this Court lacks subject-matter jurisdiction, that the Franklin Circuit Court has exclusive jurisdiction over the PSC's Order, and that Sprint lacks standing to enforce the PSC's Order. Brandenburg also points out that Sprint's Counterclaim requires joinder of the PSC as a necessary party, and that this joinder would deprive the Court of subject-matter jurisdiction. In the alternative, Brandenburg asks the Court to stay Sprint's Counterclaim pending the outcome of Brandenburg's appeal of the PSC Order.

Brandenburg also argues that Sprint's Counterclaim should be dismissed because the Commission's Order does not require Brandenburg to provide a refund to Sprint. Brandenburg asserts that Counts II and III of the Counterclaim should be dismissed because Sprint failed to exhaust its administrative remedies as to those counts, or in the alternative, Counts II and III are barred by res judicata. Sprint was given an opportunity to respond to these arguments. The Court addresses these issues first.

**I.      PSC Order**

Brandenburg believes Sprint's Counterclaim, insomuch as it relies on the PSC Order, must be dismissed because the PSC Order does not require Brandenburg to provide a refund to

Sprint.  The Commission's Order states as follows:

> Based on the foregoing, and being otherwise sufficiently advised, IT IS HEREBY ORDERED that:
>
> 1.     Sprint's methodology for determining the PIU should be applied for calculating compensation.
> 2.     Ordering paragraph 1 is stayed for a period of 30 days to allow:
>     a.     Brandenburg to take advantage of the audit provisions in its tariffs; or
>     b.     The parties to reach an agreement on the amount of compensation.
> 3.     This is a final and appealable Order.

PSC Order, p. 11.  Count I of Sprint's Counterclaim seeks enforcement of the PSC Order, and argues that Brandenburg is obligated under the PSC Order to "refund amounts billed to and paid by Sprint over and above the amounts lawfully due consistent with the Duo Tariff."  Sprint's Answer and Counterclaim, p. 7.

In order to survive a motion to dismiss, Sprint must state a claim upon which relief can be granted.  If the PSC Order does not obligate Brandenburg to provide any refund, Count I of Sprint's Counterclaim must be dismissed.  Both parties agree that the Court should look to the plain language of the Order.  Brandenburg argues that although the PSC Order acknowledges that Sprint requested a refund, there is no mention of a refund being ordered by the Commission. Brandenburg points to several orders issued in other cases before the PSC in which the Commission expressly order refunds.  Had the PSC wished to order a refund in this case, Brandenburg argues, they would have done so in express terms.  Sprint refutes this claim by asserting that the Commission ordered the parties "to reach an agreement on the amount of compensation."  Sprint argues that, for this statement to have any meaning, it must refer to the amount owed to Sprint.

The Court finds that the language of the PSC Order is ambiguous and open to more than

one interpretation. "Where a judgment is susceptible of two interpretations, it is the duty of the court to adopt the one which renders it more reasonable, effective and conclusive in the light of the facts and the law of the case." *Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co.*, 137 F.2d 871, 885 (6th Cir. 1943). "The meaning of an ambiguous judgment or order 'must be determined by what preceded it and what it was intended to execute.'" *Hendrie v. Lowmaster*, 152 F.2d 83, 85 (6th Cir. 1946) (quoting *Union Pacific R.R. Co. v. Mason City & Fort Dodge R. Co.*, 222 U.S. 237, 247 (1911)). As the Kentucky Supreme Court stated,

> We are of the opinion that a judgment always is open to construction by any court that is asked to give effect to it. And if the judgment is ambiguous by reason of circumstances not apparent on the face of the record supporting it, we perceive no sound reason why it may not be shown by extraneous evidence . . . . If that is good law for deeds, contracts, wills and other writings, and it has always been so recognized, it is no less good law in the case of an anomalous judgment.

*Board of Ed. of Campbellsville Indep. School Dist. v. Faulkner*, 433 S.W.2d 853, 855 (Ky. 1968).

The Court finds that Sprint has presented a plausible interpretation of the PSC Order. The PSC explicitly states in its Order that Brandenburg's reliance on the CPN directly conflicted with its filed tariff. The PSC also acknowledges Sprint's dilemma and the alleged overcharges by Brandenburg since 2002. Even if the language of the Order is ambiguous and does not conclusively direct Brandenburg to pay a refund to Sprint, the Court believes that an overall reading of the Order clearly implies that Sprint is entitled to such compensation. This is the most "reasonable, effective and conclusive" outcome. *Pen-Ken Gas & Oil Corp.*, 137 F.2d at 885. In fact, the Court already interpreted the Order to apply retroactively to the charges at issue in its earlier Memorandum Opinion and Order denying Brandenburg's motion for summary judgment. Because Sprint's interpretation is plausible and could entitle Sprint to relief, Sprint's

Counterclaim Count I survives the motion to dismiss.

## II.     Failure to Exhaust Administrative Remedies or Res Judicata

According to Brandenburg, Sprint has failed to exhaust its administrative remedies because the state-appointed administrative process is incomplete.  Because the PSC Order is currently on appeal, Brandenburg believes that Sprint's Counterclaim Count I is premature.  Brandenburg also asserts that Counts II and III are either subject to dismissal as premature for not being presented to the Commission, or, to the extent they were previously addressed by the Commission, they are barred by res judicata.

The Court finds that Brandenburg's argument as to Count I is without merit.  Sprint properly brought its rate dispute before the PSC, who ruled in Sprint's favor.  There is no mandate that Sprint must now appeal that action.  The fact that Brandenburg has chosen to appeal the PSC Order does not dictate that Sprint has failed to exhaust its administrative remedies.

Count II of Sprint's Counterclaim seeks enforcement of Section 2.4.1(E) of the Duo Tariff.  Section 2.4.1(E) provides:

> If the customer pays the total billed amount and disputes all or part of the amount, the Telephone Company will refund any overpayment.  In addition, the Telephone Company will pay the customer penalty interest on the overpayment.

Sprint's Answer and Counterclaim, p. 7.  Count III seeks application of the filed rate doctrine.  In effect, Sprint's Counts II and III seek the same relief as Count I.  Based upon its earlier analysis, the Court believes that there is nothing left for the PSC to analyze regarding the tariff provision in Count II, so it would be unnecessary to bring this claim before the PSC.  Therefore, at this early stage in the proceedings, the Court chooses not to dismiss Count II for failure to

exhaust administrative remedies.  Count III also survives as it does not directly involve the regulation of a rate or service.

Brandenburg's res judicata argument also fails.  Counts II and III of the Counterclaim are separate claims that were not raised before the PSC.  Thus, Sprint cannot be barred from re-litigating these issues because there is no judgment on the merits of these claims.  In the alternative, res judicata would not bar Count II if it was brought before the PSC because the Court has found that the PSC Order impliedly granted this request, and Sprint now merely seeks enforcement.

### III.    Subject-Matter Jurisdiction

Brandenburg moves to dismiss Sprint's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that this Court lacks subject-matter jurisdiction.  Because Brandenburg is currently appealing the PSC's decision in state court, Brandenburg asserts that a decision by this Court would be premature.  Sprint argues that the PSC Order is final and immediately enforceable.

"Every order entered by the commission *shall continue in force* until the expiration of the time, if any, named by the commission in the order, or until revoked or modified by the commission, unless the order is suspended, or vacated in whole or in part, by order or decree of a court of competent jurisdiction."  Ky. Rev. Stat. Ann. § 278.390 (emphasis added).  The PSC Order instituted a stay of thirty days, which has now expired.  The PSC has not taken any steps to revoke or modify the Order.  The Court knows of no order vacating or suspending it.  Therefore, under Section 278.390, the PSC Order is currently enforceable, and Brandenburg's argument is without merit.  *See also Kentucky v. South Central Bell Telephone Co.*, 545 S.W.2d

927, 931 (Ky. 1976) (PSC order was enforceable before Franklin Circuit Court appeal was complete).

## IV.     Exclusive Jurisdiction

Pursuant to Kentucky Revised Statutes Section 278.410(1), a party subject to an order of the PSC may "bring an action against the commission in the Franklin Circuit Court to vacate or set aside the order or determination on the ground that it is unlawful or unreasonable."  Ky. Rev. Stat. Ann. § 278.410(1).  In other words, the Franklin Circuit Court has "exclusive appellate jurisdiction over orders of the Commission."  *Bd. of Educ. of Jefferson County v. William Dohrman, Inc.*, 620 S.W.2d 328, 329 (Ky. Ct. App. 1981).  Brandenburg argues that this exclusive jurisdiction bars this Court from enforcing Sprint's counterclaim.

Had Sprint's claim before the PSC been unsuccessful, Brandenburg's argument would be correct.  But, in this case, Sprint was the victor and is under no obligation to initiate the appellate process.  Sprint does not seek to "vacate or set aside" the PSC Order.  Rather, Sprint seeks enforcement of the PSC Order or damages pursuant to the Duo Tariff or filed rate doctrine. These are not issues that must be appealed to the Franklin Circuit Court.  Brandenburg's argument must fail.

## V.      Standing

Brandenburg also argues that Sprint lacks standing to bring its counterclaim.  Kentucky Revised Statutes Section 278.040 gives the PSC "exclusive jurisdiction over the regulation of rates and services of utilities" and grants the PSC the power to adopt "reasonable regulations to implement the provisions of KRS Chapter 278."  Ky. Rev. Stat. Ann. § 278.040.  In addition, Section 278.390 states:

> The commission may compel obedience to its lawful orders by mandamus, injunction or other proper proceedings in the Franklin Circuit Court or any other court of competent jurisdiction, and such proceedings shall have priority over all pending cases. Every order entered by the commission shall continue in force until the expiration of the time, if any, named by the commission in the order, or until revoked or modified by the commission, unless the order is suspended, or vacated in whole or in part, by order or decree of a court of competent jurisdiction.

Ky. Rev. Stat. Ann. § 278.390. Brandenburg argues that these statutes specifically reserve the right to enforce PSC orders with the PSC, and therefore, Sprint lacks standing to bring its counterclaim. Brandenburg's reliance on Section 278.390 is misplaced. The very language of this statute contemplates other pending cases brought by parties other than the PSC. Looking at the plain language, nothing dictates that *only* the PSC may enforce its orders. The Court will not read such a limitation into the statute. *See, e.g.*, *Commonwealth v. Trousdale*, 181 S.W.2d 254, 255 (Ky. 1944) ("In the construction of a statute, the general rule is that where it is expressed in general language it is to be applied to all cases coming within its terms and the court may not restrict or qualify it."); *AK Steel Corp. v. Kentucky*, 87 S.W.3d 15, 17 (Ky. Ct. App. 2002) ("[W]e must refer to the language of the statute rather than speculating as to what may have been intended but was not expressed. . . . Therefore, any statutory analysis must begin with the plain language of the statute.").

"To establish Article III standing to sue in federal court, an individual plaintiff must show that (1) he or she has suffered an 'injury in fact'; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision." *Am. Fed'n of Gov't Employees v. Clinton*, 180 F.3d 727, 729 (6th Cir. 1999) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). An injury must be "sufficiently concrete and particularized, or sufficiently actual and imminent . . . ." *Id.* at 730.

10

The Court must construe the complaint in a light most favorable to the non-moving party, and all allegations set forth shall be accepted as true for the purposes of establishing standing. *Id.* at 729.

The Court finds that Sprint has satisfied its burden and has standing to bring its Counterclaim. Reading all allegations in the complaint as true and in a light most favorable to Sprint, Sprint has suffered an injury in fact through overcharges by Brandenburg for services rendered. Further, Sprint alleges that it is entitled to a refund, which Brandenburg has refused to pay. If Sprint is to receive a favorable decision on its Counterclaim, the injury will be redressed and Sprint will be made whole. Therefore, the Court finds that Sprint has standing and the fact that the PSC may also enforce its own order under Section 278.390 does not prevent Sprint from bringing its claim.

## VI.     PSC as Indispensable Party

Brandenburg asserts that the PSC is an indispensable party that must be joined under Federal Rule of Civil Procedure 19. Such joinder, Brandenburg argues, would destroy diversity and this Court's jurisdiction. Federal Rule of Civil Procedure 19 "establishes guidelines for determining when it is proper to dismiss a case because a person or entity has an interest in the outcome of the litigation that could be impaired in the absence of that person or entity, but joinder of the person or entity will deprive the court of subject matter jurisdiction." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004). Rule 19 should be applied pragmatically because "the essence" of the rule "is to balance the rights of all those whose interests are involved in the action." *Id.* at 665 (citation and internal quotations omitted).

"Assessing whether joinder is proper under Rule 19 is a three-step process. First, the

court must determine whether the person or entity is a necessary party under Rule 19(a)." *Id.* at 666 (internal citations omitted). Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Glancy*, 373 F.3d at 666 (citations omitted). "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable." *Id.* (quoting Fed. R. Civ. P. 19(b)). The Rule 19(b) factors include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

"Thus, a person or entity 'is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee.'" *Glancy*, 373 F.3d at 666 (citation omitted).

Brandenburg believes the PSC is a necessary party because "it has an inherent interest and exclusive standing in the subject-matter of its Order, and this Court's interpretation of the Order in the Commission's absence will impair the commission's ability to protect that interest." Brandenburg's Motion to Dismiss Memorandum, p. 12. The Court has already determined the PSC does not have exclusive standing. In addition, despite the PSC's absence, the Court can accord complete relief among Brandenburg and Sprint. The PSC's decision was abundantly clear in deciding that Sprint's methodology should be used to determine the jurisdiction of a call. The only question that remains is whether Sprint is entitled to a refund. As discussed above, the Court is entitled to interpret the PSC Order. If the Court feels that guidance from the PSC is necessary, the Court could stay this matter and "refer" the issue to the PSC. *See Reiter v. Cooper*, 507 U.S. 258, 268 (1993). Moreover, this case is not an attack on the PSC Order, which would dictate the PSC's involvement. *See, e.g.*, *Boles v. Greeneville Housing Auth.*, 468 F.2d 476, 479 (6th Cir. 1972); *Kentucky Utilities Co. v. Farmers Rural Elec. Co-op. Corp.*, 361 S.W.2d 300, 301 (Ky. 1962).

For these reasons, the Court finds that the PSC is not a necessary party and, therefore, Rule 19 does not mandate dismissal of Sprint's claims.

## VII.    Motion to Stay

"[T]he authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (1996). The Supreme Court has implied, however, that when a lawsuit seeks damages rather than equitable relief, dismissal or remand is inappropriate. *Id.* at 721. Instead, a stay is the appropriate remedy. *Id.* ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."). Brandenburg seeks a stay of Sprint's counterclaim until the appeal of the PSC Order before the Franklin Circuit Court is complete. In support of its argument, Brandenburg points the Court to three cases addressing the issue of abstention: *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959); *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976).

"The *Burford* doctrine permits federal courts to abstain from deciding cases 'when there is a need to defer to complex state administrative procedures.'" *Hasken v. City of Louisville*, 173 F. Supp. 2d 654, 659-60 (W.D. Ky. 2001) (quoting *MacDonald v. Village of Northport, Mich.*, 164 F.3d 964, 967 (6th Cir. 1999)). Abstention under *Burford* is appropriate in two circumstances:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989)

(hereinafter "*NOPSI*") (quoting *Colorado River Water Conservation Dist. v. United States*, 424

U.S. 800, 814 (1976)).  Federal courts have "increasingly recognized the wisdom of staying

actions in the federal courts pending determination by a state court of decisive issues of state

law." *Thibodaux*, 360 U.S. at 27.

The Court finds that Brandenburg has failed to demonstrate that a ruling on Sprint's

Counterclaim by this Court would be "disruptive of state efforts to establish a coherent policy."

*NOPSI*, 491 U.S. at 361 (citing *Colorado River*, 424 U.S. at 814).  Sprint has not asked the Court

to review the findings of the PSC, only to enforce the PSC Order.  Thus, this Court would not be

deciding any uncertain issues of state law.  The Court has not been asked to "adjudicate any facts

or to fashion public policy on behalf of the state in a way that would unduly interfere with the

efficient operation of an elaborate state regulatory scheme." *Williams v. Lambert*, 46 F.3d 1275,

1283 (2d Cir. 1995) (citing *Burford*, 319 U.S. at 327, 332; *Meredith v. Winter Haven*, 320 U.S.

228, 235 (1943) (additional citations omitted)).  Therefore, the Court does not believe that the

*Burford* abstention doctrine mandates a stay of Sprint's Counterclaim.

Abstention under *Colorado River* involves circumstances in which there are parallel

court proceedings in the federal and state courts.  While "[g]enerally, as between state and

federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings

concerning the same matter in the federal court having jurisdiction . . . [there are] circumstances

permitting the dismissal [or stay] of a federal suit due to the presence of a concurrent state

proceeding for reasons of wise judicial administration . . . ." *Colorado River*, 424 U.S. at 818.

These circumstances "are considerably more limited than the circumstances appropriate for

[other forms of] abstention.  The former circumstances, though exceptional, do nevertheless exist." *Id.*

This principle has been recognized by the Supreme Court of the United States and the Sixth Circuit finding that, "despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (internal citation omitted) (quoting *Colorado River*, 424 U.S. at 817).  The Court in *Colorado River* explained,

> Although this case falls within none of the abstention categories, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'

424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, (1952)).

There are two basic steps that must be completed by the district court in determining whether *Colorado River* abstention is applicable.  First, the district court must determine if the concurrent state and federal cases are parallel.  *Romine*, 160 F.3d at 339.  "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340 (internal citations and quotations omitted).   In *Romine*, the Sixth Circuit held the cases were parallel where the parties were substantially similar, although not identical, and the claims against the defendants were "predicated on the same allegations as to the same material facts."

*Id.*; *see also Equitable Gathering, LLC v. Caudill*, Case No. 7:08-216-KKC, 2009 WL 2922859 (E.D. Ky. Sept. 10, 2009) (holding the cases parallel when parties were substantially similar, although differing, and the case arose from the same set of facts); *Bell v. Countrywide Home Loans, Inc.*, Case No. 5:08-cv-167-JHM, 2009 WL 260805 (W.D. Ky. Feb. 4, 2009) (holding cases parallel when the parties, claims and issues were substantially similar; "[plaintiffs] attempt to distinguish the instant case by adding different defendants and recasting his claims using additional legal theories is unavailing"); *Progressive Casualty Ins. Co. v. Franklin*, Case No. 1:05cv-65-M, 2005 WL 1935675 (W.D. Ky. Aug. 8, 2005) (holding cases parallel if the parties are substantially similar and the claims arise from the same material facts; found cases parallel where the substance of the claims were identical in both cases).

Cases are not considered parallel if there is an issue that would not be resolved by the state court upon the completion of the state court action. *See E.On U.S. Services, Inc. v. QSC Painting, Inc.*, Case No. 08-54-JBC, 2008 WL 3982499 (E.D. Ky. Aug. 26, 2008) (finding the cases were not parallel where the central issue in the federal case will need to be decided regardless of the outcome of the state court case); *PNC Bank, National Assoc. v. Person*, Case NO. 06-292-C, 2007 WL 1423744 (W.D. Ky. May 8, 2007) (holding cases not parallel where resolution of the state court case will not clearly dispose of all the claims presented in the federal case). "The issue is not . . . whether the proceedings could be modified to make them parallel; the issue is whether the state court proceeding, as it *currently* exists, *is* a parallel state-court proceeding." *PNC Bank, National Assoc. v. Person*, Case No. 06-292-C, 2007 WL 1423744 (W.D. Ky. May 8, 2007) (citing *Baskin v. Bath Twp. Bd. Of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994)) (emphasis in original).

The Court finds that the parties in the state and federal cases are substantially similar. The parties before this Court are Brandenburg and Sprint. In state court, Brandenburg has sued the PSC and Sprint. The federal and state court cases both arise from the same material facts. The issue, therefore, is whether the issues presently before this Court will be resolved by the state court action. In state court, Brandenburg's Complaint contains seven counts: Count I: Lack of Substantial Evidence (Comparison of Phone Numbers); Count II: Lack of Substantial Evidence (Scope of Deference to PIU); Count III: Procedural Due Process; Count IV: Lack of Authority (Damages); Count V: Retroactive Rate-Making; Count VI: Declaratory Judgment (Damages); Count VII: Declaratory Judgment (Statute of Limitations). Counts I, II, III, IV and V ask that the PSC Order be set aside as unlawful and unreasonable. Counts VI and VII, however, seek a declaratory judgment limiting the amount of damages Sprint might be entitled to under the PSC Order. For instance, Count VI states as follows:

> In the alternative to vacating or setting aside the Order, for the reasons set forth in this Complaint generally, and in counts four and five, specifically, this Court should issue a declaratory judgment holding that the Order only applies prospectively and does not entitle Sprint to any damages (or "refunds").

Brandenburg's State Complaint, p. 13, ¶ 71. Count VI, therefore, in conjunction with Counts IV and V, asks the state court to interpret the very issues that are presently before this Court through Sprint's Counterclaim. A state court ruling on this issue would dispose of all claims under Sprint's Counterclaim before this Court, leaving only remedies to be determined. In sum, the Court finds that these two actions are parallel.

The Court must now apply the multi-factor balancing test set forth initially in *Colorado River* and expanded by later case law. *Romine*, 160 F.3d at 340-41. This balancing test includes such factors as

(1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.* (internal citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal [or a stay]." *Colorado River*, 424 U.S. at 818-19 (internal citations omitted). In other words,

the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

The first factor is not present in this case: there is no assumption by either court of jurisdiction over any res or property. Thus, this factor weights against abstention. *See Romine*, 160 F.3d at 341.

The second factor, whether the federal forum is less convenient, weights slightly in favor of abstention. This factor has been held to counsel against abstention when the cases were pending in courthouses in the same city. *See Romine*, 160 F.3d at 341; *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001). However, a 300 mile distance between the district court and state court was considered a significant factor supporting abstention in *Colorado River*. 424 U.S. at 820. In *Equitable Gathering*, the court held that the second factor weighed slightly

in favor of abstention where the property, the defendants, and the state court were located 60 miles from the federal courthouse.  Case No. 7:08-216-KKC, 2009 WL 2922859, *2 (E.D. Ky. Sept. 10, 2009).  In this case, the state court sits in Frankfort, Kentucky, which is approximately 53 miles from Louisville, Kentucky, where the federal courthouse is located.

The third factor, avoidance of piecemeal litigation, weights heavily in favor of abstention.  "Piecemeal litigation occurs when different courts adjudicate an identical issue, thereby duplicating judicial effort and potentially rendering conflicting results."  *Romine*, 160 F.3d at 341 (citing *LaDuke v. Burlington Northern R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989)).  The issues to be decided by the state court and this Court are largely identical.  Both courts are essentially asked to determine if the PSC Order grants Sprint a refund.  There is a significant risk of this Court interpreting the PSC Order in a way that is inconsistent with the Franklin Circuit Court's findings.  A difference in interpretation could have vastly different consequences.  Therefore, because of this substantial risk, this factor weights heavily in favor of abstention.

Fourth, the order in which jurisdiction was obtained does not weight heavily in favor of or against abstention.  This factor is closely tied with the relative progress of the state court case: "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."  *Moses H. Cone Memorial Hosp.*, 460 U.S. at 21.  Here, both cases are in their early stages.  Sprint's Counterclaim was not filed with this Court until December 16, 2009.  Brandenburg's Complaint was filed in state court on January 4, 2010.  Because of the substantially similar time frames, this factor is neutral.

This case clearly rests on state law, and the fifth factor heavily favors abstention.  This

Court's jurisdiction over Sprint's Counterclaim is based on diversity jurisdiction under 28 U.S.C. § 1332. There are no federal issues to be decided.

The sixth factor addresses the adequacy of the state court action to protect Sprint's rights. The Court finds that this factor weights in favor of abstention. Sprint is a party to the action and initiated the administrative process that led to its appeal in state court. The state court will review the issue of whether Sprint is entitled to a refund. Further, this Court is not dismissing Sprint's Counterclaim, so Sprint is not subject to any statute of limitations issues. Finally, the Franklin Circuit Court has exclusive jurisdiction over appeals from PSC decisions, and therefore has specialized knowledge and background in dealing with cases of this type.

The Court has already discussed the seventh factor in conjunction with the fourth factor. The eighth and final factor, the presence of concurrent jurisdiction, "only marginally, if at all, favors abstention." *PaineWebber*, 276 F.3d at 208.

In conclusion, the balance of the relevant factors strongly supports abstention and a stay of Sprint's Counterclaim in deference to the state case. The Court notes the avoidance of piecemeal litigation and the governance of state law weighed heavily in the Court's determination to stay Sprint's Counterclaim.

Sprint's response to the motion to dismiss requests that the Court also stay Brandenburg's claims. Brandenburg's claims seek payment for services under a breach of contract theory. The Court determined in its denial of Brandenburg's motion for summary judgment that Brandenburg may be entitled to recovery of payment due under the filed rate doctrine. The Court's March 5, 2010, Memorandum Opinion determined that Brandenburg could not recover under its breach of contract claim for those calls which were at issue under the

PSC Order, but Brandenburg could potentially recover for the undisputed charges. Therefore, Brandenburg's claims are reliant on the PSC Order to the extent that, were Brandenburg to succeed in its appeal, Brandenburg may be entitled to additional compensation. As a matter of judicial equity, the Court believes a stay of all claims in this case is necessary.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Brandenburg's Motion to Dismiss or, in the Alternative, to Stay Defendant/Counter-Plaintiff Sprint's Counterclaim is DENIED IN PART and GRANTED IN PART. The above-captioned matter is STAYED pending the resolution of the parallel state court proceedings.